**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KEVIN HOOG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-21-201-RAW |
| | ) |
| PETROQUEST ENERGY, L.L.C.; | ) |
| WSGP GAS PRODUCING, L.L.C.; | ) |
| and TRINITY OPERATING (USG), | ) |
| L.L.C. | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

This matter comes before the Court on Defendants' Fed. R. Civ. P. 45(d) Motion to Quash and for Protective Order Regarding Subpoena to Jeffrey T. Palumbo and Memorandum in Support (Docket Entry #1) and Plaintiff's Motion to Compel Depositions (Docket Entry #210, filed in Case No. CIV-16-463-RAW). These motions were referred to the undersigned for final determination by presiding United States District Judge Ronald A. White.[1]

On April 22, 2021, Plaintiff Kevin Hoog ("Plaintiff") filed a notice in Case No. CIV-16-463-RAW that he would be issuing subpoenas in the case, including a subpoena to take the deposition of Jeffrey T. Palumbo ("Palumbo"). Palumbo, Vice President of

---

[1] Plaintiff's Motion to Compel (Docket Entry #210) was filed in Case No. CIV-16-463-RAW, regarding the depositions of Jeffrey Palumbo and Lawrence Wall, Jr. Defendants' motion to quash and for protective order as to Wall and the portion of Plaintiff's motion to compel as it relates to Wall's deposition are addressed by separate order contemporaneously filed in Case No. CIV-16-463-RAW.

NextEra Energy Marketing, LLC ("NEM"), was served with the subpoena on April 29, 2021, which required for him to testify at a deposition on May 21, 2021. Defendants' counsel contends that as early as April 26, 2021, and on several occasions thereafter, she notified Plaintiff's counsel that Defendants and Palumbo were unavailable on May 21, 2021 for a deposition and requested that the subpoena be withdrawn. Defendants' counsel also objected to the deposition, contending that Palumbo had no first-hand knowledge of day-to-day business operations that were relevant to Plaintiff's claims. Plaintiff's counsel believed that because Palumbo had signed certain agreements between NEM and Defendants, his testimony was relevant. Defendants' counsel indicated to Plaintiff's counsel her intent to seek relief from the Court regarding Palumbo's deposition.

On May 18, 2021, Plaintiff's court reporter sent a Zoom link to Defendants' counsel regarding Palumbo's deposition, which remained scheduled for May 21, 2021. Based upon a review of the emails exchanged between the parties prior to the deposition, it appears Plaintiff's counsel moved forward with the deposition because Defendants did not file a motion to quash/motion for protective order, and Defendants' counsel did not appear because she believed the deposition was postponed because of their unavailability and until after a motion was decided by the Court. On the morning of May 21, 2021, Plaintiff's counsel appeared by

2

Zoom for the deposition of Palumbo. Defendants and Palumbo did not appear, nor did Defendants' counsel file a motion with the Court prior to the deposition.

On May 25, 2021, Plaintiff filed his Motion to Compel Depositions in Case No. CIV-16-463-RAW. In his Motion, Plaintiff requests the Court compel Palumbo's deposition and order that he be deposed at the U.S. Courthouse in Muskogee, Oklahoma with the undersigned's supervision. On June 1, 2021, Defendants filed a Fed. R. Civ. P. 45(d) Motion to Quash and for Protective Order Regarding Subpoena to Jeffrey T. Palumbo and Memorandum in Support in the United States District Court for the Southern District of Florida. Defendants requested the Court quash the subpoena to take Palumbo's deposition and enter a protective order prohibiting Plaintiff from subpoenaing Palumbo for deposition in the future.[2] On July 7, 2021, United States Magistrate Judge William Matthewman for the Southern District of Florida entered an Order Transferring Fed. R. Civ. P. 45(d) Motion to Quash and for Protective Order Regrading Subpoena to Jeffrey T. Palumbo to the U.S. District Court for the Eastern District of Oklahoma (Docket Entry #20).

---

[2] Although the parties cannot agree whether they met and conferred regarding the motion to compel, the parties agree they did meet and confer regarding the motion to quash and for protective order. For purposes of the Court's order, the motions are so intertwined that the Court determines the "meet and confer" requirement is sufficiently satisfied.

Defendants' primary argument is that Palumbo's deposition subpoena should be quashed, and a protective order entered prohibiting his deposition in the future because Palumbo and NEM are non-parties to Case No. CIV-16-463 and he is a high-level or "apex" executive who lacks unique personal knowledge about the pertinent issues to Plaintiff's lawsuit. Attached to Defendants' motion is a declaration from Palumbo, wherein he acknowledges he is Vice President of NEM, with its principal place of business in Juno Beach, Florida. He states that although he executed certain agreements on behalf of NEM with PetroQuest and Trinity Operating, he did so in a representative capacity and is not a party to the agreements. He asserts no personal knowledge regarding any sales or purchases made under the agreements that may be relevant to Plaintiff's lawsuit. He maintains he is not involved in day-to-day operations of NEM regarding the purchase and sale of natural gas in Oklahoma and has no personal knowledge of the purchase or sales price of natural gas or any post-production expenses deducted from royalties at issue in Plaintiff's lawsuit. Palumbo claims no personal knowledge related to oil and gas leases in Oklahoma, their operation, or the payment of royalties. *See* <u>Fed. R. Civ. P. 45(d) Motion to Quash and for Protective Order Regarding Subpoena to Jeffrey T. Palumbo</u>, pp. 7-8, Ex. 2 (Docket Entry #1).

Plaintiff contends, however, that Palumbo's deposition is relevant, proportional, and necessary because "another key

4

component—indeed a separate class (Class II)—is the affiliated, non-arm's length gas-purchase transactions between NEM (for which Palumbo is Vice-President and was involved with material contracts) and Defendants WSGP and Trinity." *See* <u>Plaintiff's Response to Motion to Quash and for Protective Order</u>, p. 7 (Docket Entry #13). He asserts that Defendants WSGP and Trinity are both owned by NEM, which is ultimately owned by NextEra Energy, Inc., and he "has challenged the propriety of Defendants using the sales price from their contracts with NEM as the basis of paying oil-and-gas royalties back to Defendants' royalty owners[.]" *Id.*, p. 8. Plaintiff's counsel also contends that he questioned other witnesses about the affiliate issues when taking Rule 30(b)(6) depositions, but the party representatives presented could not provide the necessary information. *Id.*, pp. 9-10.

On timely motion, a court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps subject to the subpoena to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). A court may also enter a protective order forbidding a deposition in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A). The party moving to quash a subpoena has the burden to show undue burden,

5

and the party seeking a protective order must demonstrate good cause for its entry. *See Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996).

Regarding depositions of "apex" or high-ranking company officials, courts may "regulate harassing or burdensome depositions, and that unless a high level executive has unique personal knowledge about the controversy, the court should regulate the discovery process to avoid oppression, inconvenience, and burden to the corporation and to the executive[.]" *Evans v. Allstate Ins. Co.*, 216 F.R.D. 515, 518-19 (N.D. Okla. 2003). A court may take into consideration whether the information may be obtained from other witnesses. *See Thomas v. International Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995).

Although the Court views this issue as a close call, it agrees with Plaintiff that he is entitled to depose Palumbo regarding agreements he signed on behalf of NEM that may be pertinent to Plaintiff's claims against Defendants WSGP and Trinity Operating in the underlying action. The Court finds that as the signatory to various agreements at issue, Palumbo, on behalf of NEM, at least read the agreements and is familiar with their terms. This suggests knowledge that other employees, including those already deposed by Plaintiff, would not have, which in turn could qualify as "unique" knowledge to the extent the agreements bear on Plaintiff's claims. Plaintiff has attempted to glean information from other witnesses

6

regarding the agreements without success. Moreover, the Court's ruling will not be unduly burdensome or harassing to Palumbo, as the Court declines to require that the deposition be held in Muskogee, Oklahoma, as requested by Plaintiff in the motion to compel. Further, because Palumbo is a subpoenaed non-party witness, he is only required to attend a deposition that is located within 100 miles of where he resides, is employed, or regularly transacts business in person. *See* Fed. R. Civ. P. 45(c)(1). In this case, Palumbo lives in Palm Beach County, Florida and his office is located at NEM's principal place of business in Juno Beach, Florida.

Finally, the Court notes the untimely nature of Defendants' motion to quash and for protective order. Even though Defendants' counsel notified Plaintiff that Defendants and Palumbo were unavailable for the May 21 deposition date and of Defendants' plan to file a motion to quash and motion for protective order, she failed to file a motion prior to the scheduled deposition. The motion to quash/motion for protective order was filed eleven days after the deposition was to take place and seven days after Plaintiff filed his motion to compel. Even though Plaintiff's counsel was aware of Defendants' intention to file a motion, this Court does not excuse the late filing of Palumbo's motion. Defendants have not shown a lack of opportunity to file the motion prior to May 21, 2021, the date of the deposition, or that some

7

other acceptable circumstance was present that excused the late filing of the motion.

IT IS THEREFORE ORDERED that Defendants' Fed. R. Civ. P. 45(d) Motion to Quash and for Protective Order Regarding Subpoena to Jeffrey T. Palumbo (Docket Entry #1) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Depositions (Docket Entry #210 in Case No. CIV-16-463-RAW) is hereby GRANTED in part and DENIED in part as to Jeffrey T. Palumbo. Plaintiff is entitled to depose Palumbo at a mutually agreeable date and time by whatever means agreed upon by the parties, but Palumbo need only be presented for deposition pursuant to Fed. R. Civ. P. 45(c)(1), or at some other agreed upon location. If deemed necessary by Plaintiff, he should seek appropriate relief from Judge White to the extent Palumbo's deposition testimony pertains to Plaintiff's previously filed motion for class certification. The parties shall bear their own costs and fees associated with the motions.

IT IS SO ORDERED this 2nd day of August, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE